UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRAIG HOLMES, :

    Plaintiff, :

                                     CIVIL ACTION NO.

v. :

                                     1:05-CV-2921-MHS

CITY OF EAST POINT, et al., :

    Defendants. :

## **ORDER**

Presently before the Court is defendants' motion for partial dismissal. For the reasons set forth below, the Court grants in part and denies in part defendants' motion.

Background

Plaintiff, Craig Holmes, alleges that on April 4, 2004, plaintiff was a paying guest at a motel in East Point, Georgia. He left his motel room to make a phone call at a pay phone across the street at a gas station. As he was making his way back to the motel, plaintiff saw a police vehicle speeding toward the motel. He continued to walk towards the motel and upon entering the lobby, a police officer, Officer Curry Walker, rushed into the lobby and yelled at him to get down. Plaintiff tried to ask Officer Walker what he had

done but Officer Walker continued to yell at him to get down. As plaintiff eased his body down, he heard Officer Walker's gun fire and felt a sharp pain in his side. He then fell to the floor.[1]

Plaintiff brings his suit pursuant to 42 U.S.C. § 1983 against the City of East Point, Georgia, Officer Curry Walker, individually and in his official capacity, Sgt. B. Gray, individually and in his official capacity, and Chief of Police Frank Brown in his official capacity. He alleges that the controversy involves deprivations of his rights guaranteed by the First, Fourth, Eighth, and/or Fourteenth Amendments of the United States Constitution. In addition, plaintiff sues Officer Walker for assault and battery. He sues all defendants for false imprisonment, false arrest, intentional infliction of emotional distress, nuisance, and seeks punitive damages and attorneys' fees.

Plaintiff brought suit in the Superior Court of Fulton County, and defendants removed the case to this Court. Now pending before the Court is

---

[1] Plaintiff never states in his complaint that Officer Walker is the officer who entered the motel and shot him. However, based on the allegations in the complaint and defendants' motion for partial dismissal, the Court assumes that plaintiff alleges that Officer Walker is the officer who shot him.

2

defendants' motion for partial dismissal pursuant to Fed. R. Civ. P. 12(b)(6) to which plaintiff has not responded.

Discussion

The only concern of the Court at this stage is whether, construing the complaint in the light most favorable to plaintiff, Hargrave v. McKinney, 413 F.2d 320 (5th Cir. 1969), plaintiff will be able to prove a set of facts in support of his claims which would entitle him to relief. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). The complaint need not, and indeed should not, plead evidence. In Re Beef Antitrust Litigation, 600 F.2d 1148 (5th Cir. 1979), cert. denied, 449 U.S. 905 (1980). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In addition, the Eleventh Circuit has tightened the general rules of pleading found in Fed. R. Civ. P. 8 for § 1983 cases in an attempt to remove nonmeritorious claims. Washington v. Bauer, 149 Fed. Appx. 867, 870 (11th Cir. 2005); see also GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998). Thus, a § 1983 plaintiff is required to allege with some

specificity in his complaint the facts which make out his claim. Id. Some factual detail in the pleadings is necessary in order to meet the heightened pleading requirement of a § 1983 case particularly where the defense of qualified immunity has been asserted. Id. The Court will dismiss a complaint as insufficient where there are unsupported conclusions of law or of mixed fact and law or where the allegations are vague and conclusory. Dalrynple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003).

Defendants argue that plaintiff has failed to plead any fact or wrongdoing against Chief Brown, and therefore the Court should dismiss all federal and state claims against him. Plaintiff has named Chief of Police Brown as a defendant in the caption of his complaint, but has failed to set him out as a defendant in the complaint and has not alleged any act or wrongdoing by him in the complaint. Accordingly, the Court dismisses plaintiff's claims against Chief Brown for failure to state a claim upon which relief could be granted.[2]

---

[2] The same holds true for "Curry Williams." Plaintiff lists Curry Williams as defendant in the complaint but fails to set out any facts or wrongdoing by Williams. The Court assumes plaintiff meant Officer Curry Walker, instead of Williams, and therefore the Court dismisses any claims against Curry Williams.

4

I. Federal Claims

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the person who committed this alleged deprivation acted under color of state law. <u>Focus on the Family v. Pinellas Suncoast Transit Authority</u>, 344 F.3d 1263, 1277 (11th Cir. 2003); <u>Patrick v. Floyd Medical Center</u>, 201 F.3d 1313, 1315 (11th Cir. 2000).

Plaintiff alleges that defendants unlawfully searched and seized him and deprived him of liberty. Compl. ¶¶ 21, 22, 34, 36. Under his false imprisonment claim, plaintiff also alleges that Sgt. Gray violated his constitutional rights by swearing falsely before a Magistrate Judge. Compl. ¶ 38. Defendants argue that plaintiff's only possible federal claim must be brought under the Fourth Amendment, and therefore any claim pursuant to the First, Eighth, or Fourteenth Amendments must be dismissed.

The first inquiry in any § 1983 case is to isolate the precise constitutional violation that has allegedly occurred. <u>Graham v. Connor</u>, 490 U.S. 386, 393 (1989). Plaintiff has merely stated that defendants' actions violated his constitutional rights under the First and Eighth Amendments

but has offered no facts to support these claims. Accordingly, the Court dismisses plaintiff's claims for First and Eighth Amendments violations against all defendants.

Regarding plaintiff's claim under the Fourteenth Amendment, plaintiff states that if Officer Walker's conduct does not amount to a Fourth Amendment violation, then the conduct violates the Fourteenth Amendment and plaintiff's substantive due process rights because Officer Walker's conduct was so outrageous and egregious. The Fourth Amendment provides the source of constitutional protection for the kind of governmental actions alleged by plaintiff, and therefore the more open-ended and generalized notion of substantive due process of the Fourteenth Amendment is inapplicable. See Albright v. Oliver, 510 U.S. 266, 275 (1993); Thomas v. Clayton County Bd. of Educ., 94 F. Supp. 2d 1290, 1300 (N.D. Ga. 1999). Therefore, plaintiff's claims for unlawful search and seizure against defendants fall under the Fourth Amendment.

Next defendants argue that the claims against the City of East Point and the claims against Officer Walker and Sgt. Gray in their official capacities should be dismissed because plaintiff's complaint makes no

reference to any custom, policy, or practice of the City of East Point. A suit against Officer Walker and Sgt. Gray in their official capacities is a suit against the entity of which these defendants are agents. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). In an official capacity suit, or when the entity itself is sued, the governmental entity's policy or custom must have played a part in the violation of federal law. Id; see also Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658 (1978).

Plaintiff has not alleged any custom, policy, or practice, or any fact to establish the existence of a policy or custom which played a part in the violation of federal law. Accordingly, plaintiff's federal claims against the City of East Point, Officer Walker in his official capacity, and Sgt. Gray in his official capacity are dismissed. See Dessasau v. Cook, No. 99-14946, 00-12552, 2001 WL 34395880 at *2 (Mar. 15, 2001) (the § 1983 claim must fail against the defendant sued in his official capacity where the plaintiff failed to allege an unconstitutional policy or custom on the part of the municipality).

Defendants argue that plaintiff's Fourth Amendment claim against Sgt. Gray individually should be dismissed because he is entitled to qualified

7

immunity. They argue that swearing out a warrant is a discretionary act and plaintiff has not alleged what it is that Sgt. Gray supposedly falsely swore to in this case. They also contend that plaintiff's prosecution has not terminated in his favor, and plaintiff sets out no facts on which a reasonable officer would know that what he is doing violates clearly established law.

The Court must resolve questions of qualified immunity at the earliest possible stage of litigation. Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003). Therefore, the Court may "grant the defense of qualified immunity at the motion to dismiss stage if the complaint 'fails to allege the violation of a clearly established right.'" Id. quoting Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir. 2001).

"Qualified immunity offers complete protection for governmental officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Mercado v. City of Orlando, 407 F.3d 1152, 1156 (11th Cir. 2005) quoting Lee v. Ferraro, 284 F.3d 1188, 1193-94 (11th Cir. 2002). Defendants must show that they were engaged in a discretionary duty. Mercado, 407 F.3d at 1156. Plaintiff must then satisfy a two-part

inquiry. Id. First, viewing the evidence in the light most favorable to plaintiff, he must show that Sgt. Gray violated a constitutional right. Id. Second, if such violation occurred, then the Court must determine if that right was clearly established at the time of the incident. Id.

An officer violates the Fourth Amendment when he swears to false information knowingly, intelligently, or with reckless disregard for the truth, in order to obtain a search warrant and the false information was material to the finding of probable cause for an arrest. Franks v. Delaware, 438 U.S. 154, 155-56 (1978); see also S.A. Vakilian v. Shaw, 335 F.3d 509, 517 (6th Cir. 2003); U.S. Steel, LLC, v. Tieco, Inc., 261 F.3d 1275, 1290 (11th Cir. 2001). Construing the complaint in the light most favorable to plaintiff, plaintiff has not made any allegations in his complaint that Sgt. Gray ever made statements knowingly, intelligently, or with reckless disregard for the truth. Plaintiff only states that Sgt. Gray falsely swore "before a Magistrate Judge to acts that he did not witness and acts that did not happened [sic]." Compl. ¶ 38. He includes these facts in his claim for false imprisonment, not with his claim pursuant to the Fourth Amendment. Although the Court could presume that plaintiff meant that Sgt. Gray swore falsely to an arrest warrant, it is unclear. It is even more unclear to the Court whether the false

information Sgt. Gray allegedly swore to was material to the finding of probable cause for an arrest. Plaintiff has not alleged enough facts to support his claim that Sgt. Gray violated his Fourth Amendment rights and has certainly not met the heightened pleading standard required in § 1983 cases. Accordingly, plaintiff's Fourth Amendment claim against Sgt. Gray in his individual capacity is dismissed.

## II. State Law Claims

Defendants request that the Court refuse to exercise pendent jurisdiction over plaintiff's state law claims. Here, the state and federal claims derive from the same common nucleus of operative fact. This Court has original jurisdiction over plaintiff's federal claims and will exercise pendent jurisdiction over plaintiff's state law claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

Defendants argue that plaintiff's claims for false imprisonment and false arrest are not ripe because plaintiff's criminal prosecution has not yet terminated in his favor. False imprisonment is the "unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty." O.C.G.A. § 51-7-20. Although an action for false

AO 72A
(Rev.8/82)

imprisonment cannot be maintained where the arrest was carried out pursuant to a valid warrant, it is not certain based on the facts alleged by plaintiff that plaintiff's arrest was procured by an invalid arrest warrant. Fleming v. U-Haul of Georgia, 246 Ga. App. 681, 682 (2000). To make out a claim for false arrest, plaintiff must prove that there was an arrest under the process of law, without probable cause, and made maliciously. Simmons v. Mableton Finance Co., 254 Ga. App. 363, 365 (2002). Even if plaintiff had alleged that the charges against him had been dismissed, the dismissal of such charges is only some evidence that probable cause was lacking and is not conclusive. Fleming, 246 Ga. App. at 683. Therefore, it is not beyond doubt that plaintiff may be able to prove a set of facts to support his false imprisonment and false arrest claims.

Plaintiff's claim for nuisance states that all defendants have caused plaintiff substantial hurt, inconvenience, and damages. Defendants are not clear what a nuisance claim is doing in the complaint and neither is the Court. Generally, nuisance involves the invasion of either private property rights or public rights by tortious conduct. Plaintiff has not set out any facts in the complaint to support a claim for nuisance, and therefore it is dismissed.

11

Regarding plaintiff's intentional infliction of emotional distress claim, defendants argue that this claim should be dismissed against Sgt. Gray because it unripe. Plaintiff states that the conduct of defendants was intentional, outrageous, and caused plaintiff to suffer extreme and severe emotional distress. "Plaintiff must prove the following elements in order to recover for intentional infliction of emotional distress: (1) intentional or reckless conduct (2) which is extreme and outrageous and (3) caused the emotional distress (4) which is severe." Blockum v. Fieldale Farms Corp., 271 Ga. App. 591, 594 (2005) quoting Trimble v. Circuit City Stores, 220 Ga. App. 498, 499 (1996). It is not beyond doubt that plaintiff can prove no set of facts in support of his claim for intentional infliction of emotional distress which would entitle him to relief.

As for plaintiff's claim for punitive damages, no punitive damages are available in a § 1983 suit against an entity or a person officially. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); see also Colvin v. McDougall, 62 F.3d 1316, 1319 (11th Cir.1995). In addition, an award of punitive damages against a governmental entity is against Georgia's public policy. Martin v. Hosp. Authority of Clarke County, 264 Ga. 626, 627 (1994). Accordingly, plaintiff's claim for punitive damages against the City of East

Point and Officer Walker and Sgt. Gray in their official capacities is dismissed.

Finally, the Court notes that a more adequately pleaded complaint may be able to state valid claims against defendants. See In re AFC Enters., Inc. Secs. Litig., 348 F. Supp. 2d 1363, 1383 (N.D. Ga. 2004). The Court "is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." Wagner v. Daewoo Heavy Indus. America Corp., 314 F. 3d 541, 542 (11th Cir. 2002). In this case, plaintiff has not filed a motion to amend, requested leave to amend, or even responded to defendants' motion to dismiss. However, plaintiff may in fact have valid claims, and plaintiff should not be punished for his counsel's poorly drafted complaint. The Court is not required to dismiss the aforementioned claims without prejudice but, in the interest of justice, the Court chooses to do so here. The Court permits plaintiff to file an amended complaint within thirty (30) days from the date of entry of this order. If plaintiff fails to file such an amended complaint within the allotted time, the Court will dismiss with prejudice the claims enumerated above.

AO 72A
(Rev.8/82)

Conclusion

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART defendants' motion for partial dismissal [#3]. The Court DISMISSES WITHOUT PREJUDICE all claims against Chief Brown and Curry Williams; all claims pursuant to the First, Eighth, and Fourteenth Amendments; plaintiff's claims pursuant to the Fourth Amendment against the City of East Point, Officer Walker in his official capacity, and Sgt. Gray in his official and individual capacity; all claims for nuisance; and plaintiff's claims for punitive damages against the City of East Point and Officer Walker and Sgt. Gray in their official capacities. The Court permits plaintiff to file an amended complaint within thirty (30) days from the date of entry of this order.

IT IS SO ORDERED, this 20 day of December, 2005.

*[signature]*

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)